# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-01709-RGK/2:14-cr-00259-RGK-1 | Date | February 27, 2020 |
|---|---|---|---|
| Title | ***SYLVIA OGBENYEANU WALTER-EZE v. USA*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) ORDER STRIKING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [DE 1]

Sylvia Ogbenyeanu Walter-Eze ("Petitioner") has filed the current Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") seeking to vacate or modify the sentence imposed by this Court after a jury verdict on June 30, 2015.

Motions under § 2255 are subject to a one-year limitation period, which begins to run after the judgment the petitioner seeks to challenge becomes final. Judgment becomes final upon denial of a writ of certiorari by the U.S. Supreme Court, or the date on which petitioner becomes unable to seek further review on direct appeal.

Here, the record shows that this Court entered Judgment on June 30, 2015. On July 10, 2015, Petitioner timely appealed the Judgment to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed this Court's decision, and entered its judgment on August 25, 2017. U.S. Supreme Court Rule 13 states that a writ of certiorari to review a judgment entered by a U.S. court of appeals must be filed within 90 days after entry of judgment. Therefore, Petitioner had until November 23, 2017 to file a petition for writ of certiorari. Petitioner did not timely file such petition. As such, the one-year limitation period for filing a § 2255 motion would have expired on November 24, 2018. However, on October 22, 2018, Petitioner filed a Motion for Extension of Time to File 2255 Motion, which this Court granted. In its order, the Court extended the to time to file any § 2255 motion to December 22, 2018.[1] Petitioner did not file the present § 2255 Motion until February 20, 2020.

---

[1] On December 17, 2018, after the Court had issued its order extending the time to file, Petitioner withdrew the motion to extend, stating that her direct appeal process was in progress at the U.S. Supreme Court, therefore rendering any § 2255 motion premature. However, it appears that Petitioner did not file a Petition for Writ of Certiorari until November 6, 2018, nearly a year after the time to do so had lapsed. A petitioner may not restart the limitation time period for filing a § 2255 motion simply by filing an untimely appeal.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01709-RGK/2:14-cr-00259-RGK-1 | Date | February 27, 2020 |
|---|---|---|---|
| Title | *SYLVIA OGBENYEANU WALTER-EZE v. USA* | | |

In light of the foregoing, the Court strikes Petitioner's § 2255 Motion as untimely.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer